# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IRIS EDWARDS,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
DC-0839-16-0497-I-1

DATE: October 24, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Iris Edwards, Accokeek, Maryland, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as MODIFIED to clarify the definition of "creditable civilian service" for purposes of determining whether an employee is excluded from automatic coverage under the Federal Employees Retirement System (FERS).

## BACKGROUND

¶2      From November 29, 1982, to August 14, 1985, the appellant was employed in a Federal position covered by the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 4 at 8, 26. From 1986 to 1991, she held a series of seven nonconsecutive temporary appointments with various Federal agencies, most of which lasted between 2 and 4 months, each with breaks of more than 4 days between each appointment. *Id.* at 8. During her temporary appointments, the appellant was placed under Federal Insurance Contributions Act coverage only. *Id.* at 8, 11-23. On March 23, 1992, the appellant received a career-conditional appointment and was placed under FERS coverage. *Id.* The appellant disagreed with her retirement plan coverage and sought corrective action under FERCCA. *Id.* at 6. In a final decision dated March 15, 2016, the Office of Personnel Management (OPM) found that the appellant was properly covered by FERS and denied her request for corrective action. *Id.*

¶3    The appellant appealed OPM's final decision to the Board.  IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant was properly placed under FERS coverage when she was rehired in 1992 because she did not have 5 years of prior creditable civilian service that would exclude her from FERS coverage.  IAF, Tab 10, Initial Decision (ID).  Accordingly, the administrative judge denied the appellant's request for corrective action under FERCCA and affirmed OPM's final decision.  ID at 4-5.

¶4    The appellant has filed a petition for review of the initial decision, arguing that her service in the temporary positions is creditable, that she meets the 5-year requirement for exclusion from FERS, and that she should have been placed under CSRS coverage upon her rehire in 1992.  Petition for Review (PFR) File, Tab 1.  OPM has submitted a response to the appellant's petition for review, conceding that her service in temporary positions is creditable but maintaining that her total creditable service is still fewer than 5 years.  PFR File, Tab 4.

## ANALYSIS

¶5    An employee who has been placed under the wrong retirement system for a period of 3 or more years after December 31, 1986, may seek relief under FERCCA and may be entitled to various forms of relief, including a choice of retirement plans.  FERCCA, Pub. L. No. 106-265, §§ 2001-2401, 114 Stat. 762, 770-86 (2000) (codified at 5 U.S.C. § 8331 note); *see Archer v. Office of Personnel Management*, 120 M.S.P.R. 68, ¶ 6 (2013); 5 C.F.R. §§ 839.101(b), 839.201.  Generally, an employee who previously has not been covered by FERS and who is rehired, transferred, or converted after December 31, 1986, is automatically subject to FERS unless she meets the "5-year test."  Office of Personnel Management, *CSRS and FERS Handbook for Personnel and Payroll Offices* (*Handbook*), Ch. C010 – Coverage, Sections 10A1.1-2(I), 10A1.3-4(B), (Apr. 1998),        https://www.opm.gov/retirement-services/publications-forms/

csrsfers-handbook/ (last visited Oct. 24, 2022); *see* 5 U.S.C. § 8402(b)(2)(A); 5 C.F.R. § 842.104(c). To satisfy the 5-year test, an employee must meet one of the following conditions: (1) she had 5 years of creditable civilian service as of December 31, 1986; or (2) she had a break in service of more than 3 days ending after 1986, she had any amount of past coverage under CSRS or the Foreign Service Retirement System, and she had 5 years of creditable civilian service as of the break in service. *Handbook*, Sections 10A1.1-2(I), 10A1.3-4(B).

¶6 Here, the undisputed evidence reflects that the appellant had a total of 4 years, 3 months, and 17 days of Federal service prior to her 1992 appointment.[2] IAF, Tab 4 at 8. Because she did not have at least 5 years of prior service at the time of her appointment in 1992, she cannot satisfy the 5-year test and, therefore, did not qualify for exclusion from automatic FERS coverage. *See* 5 U.S.C. § 8402(b)(2)(A); 5 C.F.R. § 842.104(c). Accordingly, we agree with the administrative judge's determination that the appellant was properly placed under FERS coverage upon her rehire in 1992 and that she is not entitled to corrective action under FERCCA.

¶7 Finally, in the initial decision, the administrative judge found that the appellant was not in CSRS-covered positions during her temporary appointments and, therefore, that those appointments could not be counted toward the 5-year requirement. ID at 3-4. For purposes of the 5-year test, however, "creditable civilian service" can include "all potentially creditable service, such as service performed under another retirement system, which would be creditable if any necessary deposit were made." *Handbook*, Section 10A1.1-2(A); *see* 5 U.S.C. § 8402(b)(2)(A)-(B). Accordingly, we modify the initial decision to clarify that it is not necessary that a particular period of service be covered by CSRS to be

---

[2] Although the appellant contends that her total service prior to 1992 amounts to more than 8 years, IAF, Tab 8 at 3, she does not challenge the accuracy of OPM's FERCCA Service History Worksheet, which sets forth her prior dates of employment and reflects periods of service prior to her 1992 appointment that total 4 years, 3 months, and 17 days. IAF, Tab 4 at 8.

creditable civilian service in this context. The administrative judge's error, though, does not affect the outcome of this appeal and provides no basis to reverse the initial decision because the appellant cannot satisfy the 5-year test, even if all of her prior service is found to be "creditable civilian service." *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                        _____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.